UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
    KEVIN RUSSELL ) CASE NO. 23-32450(1)(13)
)
                    Debtor )

**MEMORANDUM-OPINION**

      This matter is before the Court on the Motion to Waive the Appearance of the Debtor, Kevin Russell, at the Section 341 Meeting of Creditors, filed by the Debtor's attorney because the Debtor passed away on November 10, 2023, prior to the scheduled Section 341 Meeting of Creditors. For the following reasons, the Court will **DENY** the Motion to Waive the Appearance of the Debtor at the Section 341 Meeting of Creditors and **DISMISS** this case.

**PROCEDURAL BACKGROUND**

      On October 18, 2023, Debtor Kevin Russell ("Debtor") filed his Chapter 13 Voluntary Petition.

      On October 19, 2023, the Court scheduled the First Meeting of Creditors pursuant to 11 U.S.C. § 341 of the United States Bankruptcy Code for December 4, 2023.

      On November 10, 2023, the Debtor passed away.

      On November 13, 2023, Debtor's counsel filed the Motion to Waive the Appearance of the Debtor at the First Meeting of Creditors.

On December 11, 2023, the Court held a hearing on the Motion to Waive Appearance, at which time the Court ordered Debtor's attorney to file a brief in support of his Motion to Waive Debtor's Appearance at the scheduled 341 Meeting of Creditors.

On December 29, 2023, Debtor's counsel filed his brief and the Court took the matter under submission. The Court having now reviewed the brief submitted on Debtor's behalf determines that the authorities presented by Debtor's attorney are not on point and do not support the request to waive Debtor's appearance at the First Meeting of Creditors.

## **LEGAL ANALYSIS**

This Court is granted "significant discretion" as to whether further administration of this case is possible and in the best interest of creditors. *See*, *In re Ward*, 652 B.R. 250, 257 (Bankr. D. S.C. 2023). However, any decision must not contradict the Bankruptcy Code. Pursuant to Fed. R. Bankr. P. 1016, when a chapter 13 debtor dies, the case may be dismissed, "or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." Considering the early stage at which this case is presented to the Court, it is neither possible, nor in the best interest of the creditors for this case to proceed.

No personal representative of the Debtor has been appointed at this point. In instances when a Chapter 13 debtor dies during the administration of a case, it is not uncommon for a personal representative to continue the administration of the case. Here, however, the First Meeting of Creditors had not been held before the Debtor passed away. No plan on behalf of the Debtor has been confirmed. The linchpin of a Chapter 13 case rests on the Debtor's ability to make all payments

under the Plan and that the Plan provide for the Debtor's future income to be under the control of the Trustee to ensure compliance with the Plan. *See*, 11 U.S.C. §§ 1322 and 1325(a)(6). In this case, no Plan has been confirmed and there is nothing for this Court to administer. Under these circumstances, the case must be dismissed.

      The authorities cited by the Debtor are not applicable to the facts of the case before the Court. For example, in *In re Seitz*, 430 B.R. 761 (N.D. Texas 2010), a Chapter 13 case, the wife was allowed to represent her husband, who died prior to the First Meeting of Creditors, as the husband's personal representative. She was a co-debtor in the case, was appointed as her husband's personal representative and she could answer questions at the Section 341 Meeting as the estate representative. *In re Oliver*, 279 B.R. 69 (W.D. N.Y. 2002), was a Chapter 7 case, not a Chapter 13 case; *In re Hamilton*, 274 B.R. 266 (Bankr. W.D. Tex. 2001), the case was converted to a Chapter 7 case following the debtor's death and is inapplicable to this case; *In re Lucio*, 251 B.R. 705 (Bankr. W.D. Tex. 2000), was also a Chapter 7 case, as was *In re Haun*, 2020 WL4810082 (N.D. Ohio 2020), a jointly filed Chapter 7 case where the co-debtor was appointed as the decedent's personal representative. The goals and procedures of Chapter 7 cases are not the same as those cases filed under Chapter 13 of the Bankruptcy Code. Thus, the facts and circumstances of the authorities cited by the Debtor are inapposite and do not support the Debtor's case.

## **CONCLUSION**

For all the above reasons, the Court will enter the accompanying Order denying the Motion to Waive the Appearance of the Debtor at the Scheduled 341 Meeting of Creditors filed on behalf of the deceased Debtor Kevin Russell and dismissing this case.

*Joan A. Lloyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 12, 2024

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| IN RE: | ) | |
| --- | --- | --- |
| | ) | |
| KEVIN RUSSELL | ) | CASE NO. 23-32450(1)(13) |
| | ) | |
| Debtor | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Waive the Appearance of the Debtor at the Section 341 Meeting of Creditors, be and hereby is, **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this case is **DISMISSED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 12, 2024